NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE KAHIN RESENDIZ-GARCIA, | No.  17-72803 |
| Petitioner, | Agency No. A070-764-583 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2021**

Before:  THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Jose Kahin Resendiz-Garcia, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review de novo questions of law.  *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2016).  We deny the petition for review.

Resendiz-Garcia's statements in the opening brief that the BIA erred in denying his motion to reopen are not supported by argument.  Thus, he has abandoned any challenge to the BIA's dispositive determinations that he conceded removability pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act, his motion to reopen was untimely, he failed to submit a supporting application for relief with the motion to reopen as required by 8 C.F.R. § 1003.2(c)(1), and he did not demonstrate an exceptional situation to warrant sua sponte reopening.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").  We do not address Resendiz-Garcia's contentions as to his statutory eligibility for cancellation of removal because the BIA did not deny his motion to reopen on that ground.  *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

Resendiz-Garcia's contentions that the immigration judge and BIA lacked jurisdiction over his proceedings under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018) are foreclosed by *Karingithi v. Whitaker*, 913 F.3d 1158 (9th Cir. 2019) and *Aguilar Fermin v. Barr*, 958 F.3d 887 (9th Cir. 2020).

On March 27, 2018, the court granted a stay of removal. The stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**